MORGAN, LEWIS & BOCKIUS LLP
JASON E. GETTLEMAN (SBN 269733)
THOMAS Y. NOLAN (SBN 312025)
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.4000
Fax: 650.843.4001
Email: jason.gettleman@morganlewis.com
Email: thomas.nolan@morganlewis.com

HERSH MEHTA
(*pending admission pro hac vice*)
CANDACE M. POLSTER
(*pending admission pro hac vice*)
77 West Wacker Drive
Chicago, Illinois 60601
Tel: 312.324.1739
Fax: 312.324.1001
Email: hersh.mehta@morganlewis.com
Email: candace.polster@morganlewis.com

Attorneys for Plaintiff
HEWLETT PACKARD ENTERPRISE COMPANY

ERIC S. NAMROW
(*pending admission pro hac vice*)
RICCARDO S. MACCHIAROLI
(*pending admission pro hac vice*)
STEPHANIE L. ROBERTS
(*pending admission pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
Tel: 202.739.3000
Fax: 202.739.3001
Email: eric.namrow@morganlewis.com
Email: riccardo.macchiaroli@morganlewis.com
Email: stephanie.roberts@morganlewis.com

Attorneys for Plaintiff
HEWLETT PACKARD ENTERPRISE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUANTA COMPUTER INC., a Taiwanese corporation, QUANTA CLOUD TECHNOLOGY USA LLC, a California limited liability company, QCH, INC., a Nevada corporation, QUANTA MANUFACTURING INCORPORATION, a California corporation, QUANTA MANUFACTURING NASHVILLE LLC, a California limited liability company, and TECH-FRONT (SHANGHAI) COMPUTER CO., LTD., a Chinese corporation,<br><br>Defendants. | Case No. 20-cv-07407<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff, Hewlett Packard Enterprise Company ("Plaintiff" or "HPE"), for its Complaint against Defendants, Quanta Computer Inc., Quanta Cloud Technology USA LLC, QCH, Inc., Quanta Manufacturing Incorporation, Quanta Manufacturing Nashville LLC, and Tech-Front (Shanghai) Computer Co., Ltd. (collectively, "Defendants" or "Quanta"), alleges as follows:

## I.  PARTIES

1. HPE is a Delaware corporation having its principal place of business at 6280 America Center Dr., San Jose, CA 95002.  HPE is a global enterprise leader with a comprehensive product portfolio stretching from edge to cloud.  Since its 2015 separation from Hewlett-Packard Company—the original Silicon Valley startup—HPE has focused on providing servers, storage, consulting, and support to its customers throughout the United States and abroad. HPE's portfolio of servers includes a range of rack, blade, and other products customizable to meet the needs of its customers:



**ProLiant DL380 Server**



**Apollo 4510 Server**



**BladeSystem c7000**



**Synergy 660 Compute Module**

2. On information and belief,[1] Defendant Quanta Computer Inc. ("Quanta

---

[1] Allegations made on information and belief are made in good faith and will likely have further evidentiary support after a reasonable opportunity for further investigation or discovery.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

COMPLAINT FOR PATENT
INFRINGEMENT

1   Computer") is a corporation existing under the laws of Taiwan doing business in the United
2   States, the State of California, and this judicial district, including without limitation by and
3   through its U.S. subsidiaries named as co-defendants in this Complaint and other subsidiaries,
4   affiliate companies, sales offices, manufacturing and/or service facilities, and/or research and
5   development centers.  Quanta Computer has a registered address at No. 211, Wenhau 2nd Road,
6   Guishan District Taoyuan City 333, Taiwan.

7       3.      On information and belief, Defendant Quanta Cloud Technology USA LLC
8   ("QCT"), formerly QCT LLC, is a California limited liability company doing business in and/or
9   directed towards this judicial district, with a principal place of business at 1010 Rincon Circle,
10  San Jose, CA, 95131, and is a subsidiary of Defendant Quanta Computer.

11      4.      On information and belief, Defendant QCH, Inc. ("QCH") is a Nevada corporation
12  doing business in and/or directed towards this judicial district, with a registered address at 100
13  West Liberty Street, 10th Floor, Reno, NV 89501, and is a subsidiary of Defendant Quanta
14  Computer.  QCH is registered to conduct business in the State of California, and, according to
15  information submitted by QCH to the Secretary of State of California, QCH's Secretary, Mr. Alan
16  Pak-Lin Lam, conducts business on behalf of QCH at 45638 Northport Loop East, Fremont, CA
17  94538.

18      5.      On information and belief, Defendant Quanta Manufacturing Incorporation
19  ("QMI") is a California corporation doing business in and/or directed towards this judicial
20  district, with a principal place of business at 45638 Northport Loop East, Fremont, CA 94538, and
21  is a subsidiary of Defendant Quanta Computer.

22      6.      On information and belief, Defendant Quanta Manufacturing Nashville LLC
23  ("QMI Nashville") is a California limited liability company doing business in and/or directed
24  towards this judicial district, with a registered address at 1621 Heil Quaker Boulevard, LaVergne,
25  TN 37068, and is a subsidiary of Defendant Quanta Computer.

26      7.      On information and belief, Defendant Tech-Front (Shanghai) Computer Co., Ltd.
27  ("Tech-Front") is a Chinese limited liability company doing business in and/or directed towards
28  this judicial district, with a registered address at No. 2 Lane 58 Sanzhuang Road, Songjiang

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

COMPLAINT FOR PATENT
INFRINGEMENT

1  Export Processing Zone, Shanghai 201613, China, and is a subsidiary of Defendant Quanta
2  Computer.
3      8.   On information and belief, Defendants jointly make, use, sell, offer for sale, and/or
4  import certain servers, storage devices, networking devices, and components thereof, including
5  the Quanta Microserver, QuantaGrid, and QuantaPlex-branded servers and storage devices,
6  QuantaVault-branded storage devices, Quanta Drive Bay-branded hard drive bays, and
7  QuantaMesh-branded network devices (the "Accused Products").
8      9.   Defendants' actions have caused HPE harm and will cause further harm to HPE if
9  Defendants' actions continue.  In addition, Defendants' knowing acts of infringement will
10 frustrate HPE's continued strong business relationships, contracts, and potential contracts,
11 resulting in lost sales and profits, and otherwise are or will cause substantial harm to HPE's
12 business.
13     10.  As a result of Defendants' actions, HPE brings this lawsuit to protect its
14 intellectual property and its reputation as a world-wide leader in the sale of servers, storage
15 devices, and networking devices.

## II.  JURISDICTION AND VENUE

17     11.  This is a civil action arising under the patent laws of the United States, 35 U.S.C.
18 §§ 1 *et seq*.  This Court has jurisdiction over the subject matter of this action pursuant to
19 28 U.S.C. §§ 1331 and 1338(a).
20     12.  On information and belief, Defendants are subject to this Court's personal
21 jurisdiction because they are, jointly and separately, doing and have done substantial business in
22 this District, including business related to the sale and distribution of the Accused Products.
23 Defendants have continuous and systematic business contacts with the State of California, and
24 either directly or through subsidiaries and intermediaries conduct business in California by
25 shipping, distributing, offering for sale, selling, and/or advertising the Accused Products in the
26 State of California and the Northern District of California.  Defendants also, directly or through
27 their subsidiaries and intermediaries, conduct business in California and in the Northern District
28 of California through regular and established places of business located at 1010 Rincon Circle,

1   San Jose, CA, 95131 and 45638 Northport Loop East, Fremont, CA 94538.  Defendants, directly
2   or through their subsidiaries and intermediaries, have purposefully and voluntarily placed the
3   Accused Products into the stream of commerce with the intention and expectation that the
4   Accused Products will be purchased and used by customers in the Northern District of California,
5   including by importing the Accused Products through the Port of Oakland within the Northern
6   District of California and through other ports within the State of California.  Therefore, the
7   exercise of jurisdiction over Defendants is proper under the applicable jurisdictional statutes and
8   would not offend traditional notions of fair play and substantial justice.

9   13.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a), 1391(c),
10  and/or 1400(b) at least because, among other reasons, Defendants are subject to personal
11  jurisdiction in this District and have committed acts of infringement in this District, maintain one
12  or more regular and established places of business in this District, and/or in the cases of Quanta
13  Computer and Tech-Front are foreign corporations that are disregarded for purposes of venue.
14  *See, e.g., supra* ¶¶ 2-7, 12.

### III.  INTRADISTRICT ASSIGNMENT

16  14.   Under Civil L. R. 3-2(c), this action for patent infringement shall be assigned on a
17  district-wide basis.

### IV.  PATENTS-IN-SUIT

19  15.   HPE is the sole owner of U.S. Patent No. 8,218,566 (the "'566 patent"), entitled
20  "Systems and methods for making serial ports of existing computers available over a network,"
21  naming Andrew Brown as its inventor and issued on July 10, 2012.  A true and correct copy of the
22  '566 patent is attached to this Complaint as Exhibit A.

23  16.   HPE is the sole owner of U.S. Patent No. 7,567,522 (the "'522 patent"), entitled
24  "Suppression of router advertisement," naming Olaf Borowski as its inventor and issued on July
25  28, 2009.  A true and correct copy of the '522 patent is attached to this Complaint as Exhibit B.

26  17.   HPE is the sole owner of U.S. Patent No. 7,966,389 (the "'389 patent"), entitled
27  "System and method for application programming interface for extended intelligent platform
28  management," naming Gerald J. Kaufman, Jr. as its inventor and issued on June 21, 2011.  A true

and correct copy of the '389 patent is attached to this Complaint as Exhibit C.

18. HPE is the sole owner of U.S. Design Patent No. D699720 (the "D720 patent"), entitled "Hard drive carrier," naming Keith J. Kuehn and Brooks Vaughan as its inventors and issued on February 18, 2014. A true and correct copy of the D720 patent is attached to this Complaint as Exhibit D.

19. The '566 patent, '522 patent, '389 patent, and D720 patent are referred to collectively herein as the "Patents-in-Suit."

## VI.  THE ACCUSED PRODUCTS

20. The Accused Products include, but are not limited to, Defendants' Quanta Microserver, QuantaGrid, and QuantaPlex-branded servers and storage devices, QuantaVault-branded storage devices, Quanta Drive Bay-branded hard drive bays, and QuantaMesh-branded network devices.

21. The Accused Products that infringe at least one claim of the '566 patent include at least Defendants' Quanta Microserver, QuantaGrid, and QuantaPlex-branded servers and storage devices, and QuantVault-branded storage devices (the "'566 Patent Accused Products").

22. The Accused Products that infringe at least one claim of the '522 patent include at least Defendants' QuantaMesh-branded ethernet and bare metal switches (the "'522 Patent Accused Products").

23. The Accused Products that infringe at least one claim of the '389 patent include at least Defendants' Quanta Microserver, QuantaGrid, and QuantaPlex-branded servers and storage devices, and QuantaVault-branded storage devices (the "'389 Patent Accused Products").

24. The Accused Products that infringe the design claimed in the D720 patent include the Quanta Drive Bay, as is included in at least Defendants' Quanta Microserver, QuantaGrid, and QuantaPlex-branded servers and storage devices, and QuantaVault-branded storage devices (the "D720 Patent Accused Products").

## FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 8,218,566)

25. HPE realleges and incorporates by reference the allegations stated in paragraphs 1

through 24 of this Complaint.

26. In violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing one or more claims of the '566 patent, including but not limited to claims 1, 7, and 16, in this District and throughout the United States, directly and/or indirectly through third parties, by making, using, selling, offering for sale, and/or importing into the United States, without authority, the '566 Patent Accused Products. Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents.

27. For example, the '566 Patent Accused Products contain each element of and infringe exemplary claim 1 of the '566 patent, which recites:

> Claim 1. A system for making serial ports of existing computers available over a network, comprising:
>
> [a] a serial controller for locally controlling at least one serial port of a networked computer; and
>
> [b] a management processor operatively associated with the networked computer and operable in both a first mode and a second mode,
>
> [c] the management processor operating in the first mode to disable local control of the at least one serial port by the serial controller, the management processor taking control of the at least one serial port for network access in the first mode, and
>
> [d] the management processor operating in the second mode to return control of the at least one serial port to the serial controller.

28. Defendants infringe each element of claims 1, 7 and 16 of the '566 patent at least for the exemplary reasons set forth in the claim chart attached hereto as Exhibit E, incorporated herein by reference. Exhibit E sets out exemplary evidence showing how the accused QuantaGrid series servers, including but not limited to, for example, the QuantaGrid D51PS-1U server, includes each element of claims 1, 7, and 16 of the '566 patent.

29. On information and belief, Defendants indirectly infringe the '566 patent under 35 U.S.C. § 271(b) by actively and knowingly inducing others to make, use, sell, offer for sale, or import the '566 Patent Accused Products. These products, as provided by Defendants to their customers and used as intended and instructed, infringe the '566 patent. Defendants sold and/or

offered for sale one or more of the '566 Patent Accused Products, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the '566 Patent Accused Products in the United States in a manner that Defendants know to be infringing.

30. On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '566 patent under 35 U.S.C. § 271(c) by making, using, importing, offering for sale, and/or selling one or more of the '566 Patent Accused Products. Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patent system and/or apparatus for use in a patented process and are not staple articles of commerce suitable for substantial non-infringing use. For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction materials, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in a patented process. On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '566 patent.

31. Defendants have had actual knowledge of the '566 patent and of their infringement of this patent at least as of the date that Defendants were served with notice of this Complaint.

32. As of the filing of this Complaint, Defendants are not licensed or otherwise authorized to practice the claims of the '566 patent.

33. As a direct and proximate result of Defendants' infringement of the '566 patent, HPE has been and continues to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,567,522)

34. HPE realleges and incorporates by reference the allegations stated in paragraphs 1 through 33 of this Complaint.

35. In violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing one or more claims of the '522 patent, including but not limited to claim 8, in this District and throughout the United States, directly and/or indirectly through third parties, by making, using, selling, offering for sale, and/or importing into the United States, without

authority the '522 Patent Accused Products.  Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents.

36. For example, the '522 Patent Accused Products are programmed to perform each element of and infringe exemplary claim 8 of the '522 patent, which recites:

> Claim 8.  A method for suppressing a router advertisement, the method comprising:
>
> [a] receiving a router advertisement by a network device;
>
> [b] permitting transmission, by a first port in the network device, of any router advertisement that is received by the first port; and
>
> [c] filtering, by a second port in the network device, any router advertisement that is received by the second port from an unauthorized device.

37. Defendants infringe each step of claim 8 of the '522 patent at least for the exemplary reasons set forth in the claim chart attached hereto as Exhibit F, incorporated herein by reference.  Exhibit F sets out exemplary evidence showing how the accused Quanta network switches, including but not limited to, for example, QuantaMesh ethernet and bare metal switches, are programmed to perform each step of claim 8 of the '522 patent.  Additionally, on information and belief, Defendants directly infringe each step of claim 8 of the '522 patent through qualification, testing, or similar activities in the United States.

38. On information and belief, Defendants indirectly infringe the '522 patent under 35 U.S.C. § 271(b) by actively and knowingly inducing others to make, use, sell, offer for sale, or import the '522 Patent Accused Products.  These products, as provided by Defendants to their customers and used as intended and instructed, infringe the '522 patent.  Defendants sold and/or offered for sale one or more of the '522 Patent Accused Products, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the '522 Patent Accused Products in the United States in a manner that Defendants know to be infringing.

39. On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '522 patent under 35 U.S.C. § 271(c) by making, using, importing, offering for sale, and/or selling one or more of the '522 Patent Accused Products.  Defendants have made and/or sold such products with knowledge that they are especially

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

COMPLAINT FOR PATENT
INFRINGEMENT

designed for use in a patented system and/or apparatus for use in a patented process and are not staple articles of commerce suitable for substantial non-infringing use. For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction materials, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in a patented process. On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '522 patent.

40. Moreover, on information and belief, Defendant Quanta Computer takes active steps to induce infringement of at least claim 8 of the '522 patent by Defendants QCT, QCH, QMI, and/or QMI Nashville (the "US Defendants"), knowing that those steps will induce, encourage, and facilitate direct infringement by the US Defendants. On information and belief, Defendant Quanta Computer directs or controls the US Defendants' performance of claimed steps by taking active steps that include, but are not limited to, instructing the US Defendants to use the '522 Patent Accused Products, manufacture the '522 Patent Accused Products, configure and/or program the '522 Patent Accused Products, providing the US Defendants with instructions on the use of the '522 Patent Accused Products, encouraging the US Defendants to make and/or use the '522 Patent Accused Products, and/or selling the '522 Patent Accused Products and their components. On information and belief, the benefit to the US Defendants includes the availability of products to sell to customers for profit, and Defendant Quanta Computer conditions the US Defendants' receipt of the product and subsequent sale to customers on taking steps of the claimed method. On information and belief, Defendant Quanta knew or should have known that such activities induce the US Defendants to infringe at least claim 8 of the '522 patent since at least the filing of this Complaint.

41. On information and belief, Defendant Quanta Computer also contributes to the infringement of at least claim 8 of the '522 patent by the US Defendants. Acts by Defendant Quanta Computer that contribute to the infringement by the US Defendants include providing the '522 Patent Accused Products, components, and related parts for performing the claimed method in the manner described in Exhibit F and in this Complaint. The '522 Patent Accused Products,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

COMPLAINT FOR PATENT
INFRINGEMENT

components, and related parts are especially adapted for the infringing process, and they have no substantial non-infringing uses. On information and belief, Defendant Quanta Computer knew or should have known that such activities contribute to the US Defendants infringement of at least claim 8 of the '522 patent since at least the filing of this Complaint.

42. Defendants have had actual knowledge of the '522 patent and of their infringement of this patent at least as of the date that Defendants were served with notice of this Complaint.

43. Defendants are not licensed or otherwise authorized to practice the claims of the '522 patent.

44. As a direct and proximate result of Defendants' infringement of the '522 patent, HPE has been and continues to be damaged in an amount yet to be determined.

45. HPE has complied with applicable requirements of 35 U.S.C. § 287 such that it may recover any pre-suit damages to which it is entitled for infringement of the '522 patent.

## THIRD CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,966,389)

46. HPE realleges and incorporates by reference the allegations stated in paragraphs 1 through 45 of this Complaint.

47. In violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing one or more claims of the '389 patent, including but not limited to claims 1 and 9, in this District and throughout the United States, directly and/or indirectly through third parties, by making, using, selling, offering for sale, and/or importing into the United States, without authority the '389 Patent Accused Products, which practice this claim. Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents.

48. For example, the '389 Patent Accused Products contain each element of and infringe exemplary claim 1 of the '389 patent, which recites:

Claim 1. A system for controlling a computer system comprising:

[a] a management controller; and

[b] a plurality of sensors coupled to the management controller; wherein the management controller contains a plurality of sensor data record objects in a

sensor data record repository, wherein a plurality of the sensor data record objects contain data received from the plurality of sensors, and

[c] at least one additional sensor data record object contains a property descriptor; wherein the property descriptor references a property data object accessible to the management controller;

[d] wherein the sensor data record objects and the property data objects are configured to be read through an interface, and

[e] wherein the property data objects are configured to be written through the interface to control the computer system.

49. Defendants infringe each element of claims 1 and 9 of the '389 patent at least for the exemplary reasons set forth in the claim chart attached hereto as Exhibit G, incorporated herein by reference. Exhibit G sets out exemplary evidence showing how the accused QuantaGrid series servers, including but not limited to, for example, the QuantaGrid D52B-1U server, includes each element of claim 1 and 9 of the '389 patent.

50. On information and belief, Defendants indirectly infringe the '389 patent under 35 U.S.C. § 271(b) by actively and knowingly inducing others to make, use, sell, offer for sale, or import the '389 Patent Accused Products. These products, as provided by Defendants to their customers and used as intended and instructed, infringe the '389 patent. Defendants sold and/or offered for sale one or more of the '389 Patent Accused Products, and are continuing to do so, to customers with the specific intent to actively encourage them to use one or more of the '389 Patent Accused Products in the United States in a manner that Defendants know to be infringing.

51. On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the '389 patent under 35 U.S.C. § 271(c) by making, using, importing, offering for sale, and/or selling one or more of the '389 Patent Accused Products. Defendants have made and/or sold such products with knowledge that they are especially designed for use in a patented system and/or apparatus for use in a patented process and are not staple articles of commerce suitable for substantial non-infringing use. For example, among other things, on information and belief, Defendants actively and knowingly sell such products and provide customer support, installation and instruction materials, and other documentation to customers for such products' use as a component of a patented system and/or apparatus for use in

a patented process.  On information and belief, Defendants' customers have used and continue to use such products in the United States in this manner and infringed the '389 patent.

52. Defendants have had actual knowledge of the '389 patent and of their infringement of this patent at least as of the date that Defendants were served with notice of this Complaint.

53. As of the filing of this Complaint, Defendants are not licensed or otherwise authorized to practice the claims of the '389 patent.

54. As a direct and proximate result of Defendants' infringement of the '389 patent, HPE has been and continues to be damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF

(Infringement of U.S. Design Patent No. D699,720)

55. HPE realleges and incorporates by reference the allegations stated in paragraphs 1 through 54 of this Complaint.

56. In violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing the ornamental design claimed in the D720 patent, in this District and throughout the United States, directly and/or indirectly through third parties, by making, using, selling, offering for sale, and/or importing into the United States, without authority the D720 Patent Accused Products.  Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents.

57. For example, the Accused Products contain an "ornamental design for a hard drive carrier, as shown and described" in the D720 patent, such as the ornamental design shown in the following figures from the D720 patent:



MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

COMPLAINT FOR PATENT
INFRINGEMENT

58. Defendants infringe the claimed design of the D720 patent at least for the exemplary reasons set forth in the claim chart attached hereto as Exhibit H, incorporated herein by reference. Exhibit H sets out exemplary evidence showing how the accused Quanta Drive Bay, including but not limited to, for example, as included in the QuantaGrid D52BM-2U server, includes an ornamental design for a hard drive carrier that, in the eyes of an ordinary observer, is a substantially similar design to that claimed in the D720 patent.

59. On information and belief, Defendants indirectly infringe the D720 patent under 35 U.S.C. § 271(b) by actively and knowingly inducing others to make, use, sell, offer for sale, or import the D720 Patent Accused Products. These products, as provided by Defendants to their customers and used as intended and instructed, infringe the D720 patent. Defendants sold and/or offered for sale one or more of the D720 Patent Accused Products, and are continuing to do so, to customers with the specific intent to profit from the sale of infringing products that include the ornamental design claimed in the D720 patent.

60. On information and belief, Defendants have also contributed to and/or are contributing to the infringement of the D720 patent under 35 U.S.C. § 271(c) by making, using, importing, offering for sale, and/or selling one or more of the D720 Patent Accused Products. Defendants have made and/or sold such products with knowledge that they are especially designed with the ornamental design claimed in the D720 patent and are not staple articles of commerce suitable for substantial non-infringing use.

61. Defendants have had actual knowledge of the D720 patent and of their infringement of this patent at least as of the date that Defendants were served with notice of this Complaint.

62. As of the filing of this Complaint, Defendants are not licensed or otherwise authorized to practice the claims of the D720 patent.

63. On information and belief, Defendants have obtained profits by virtue of their infringement of the D720 patent.

64. As a direct and proximate result of Defendants' infringement of the D720 patent, HPE has been and continues to be damaged in an amount yet to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, HPE prays that this Court enter judgment as follows:

(A) Adjudicating and declaring that Defendants have infringed and are infringing the Patents-in-Suit;

(B) Adjudicating and declaring that Defendants have induced and are inducing infringement of the Patents-in-Suit;

(C) Adjudicating and declaring that Defendants have contributed to and are contributing to infringement of the Patents-in-Suit;

(D) Adjudicating and declaring that the Patents-in-Suit are valid and enforceable;

(E) Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with Defendants from further infringement of the Patents-in-Suit or, to the extent not so enjoined, ordering Defendants to pay compulsory ongoing royalties for any continuing infringement of the Patents-in-Suit;

(F) Ordering that Defendants must account, and pay actual damages (but no less than a reasonable royalty), to HPE for Defendants' infringement of the Patents-in-Suit, including ordering that Defendants must pay HPE the total profits realized by Defendants from their infringement of the D720 patent pursuant to 35 U.S.C. § 289;

(G) Ordering that Defendants pay HPE's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284;

(H) Declaring that this is an exceptional case and awarding HPE its attorneys' fees and expenses as provided for by 35 U.S.C. § 285; and

(I) Granting HPE such other and further relief as the Court deems just and appropriate, or that HPE may be entitled to as a matter of law or equity.

| | |
|---|---|
| Dated: October 22, 2020 | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP<br><br>By   /s/ Jason E. Gettleman<br>         Jason E. Gettleman<br><br>JASON E. GETTLEMAN (SBN 269733)<br>THOMAS Y. NOLAN (SBN 312025)<br>1400 Page Mill Road<br>Palo Alto, CA  94304<br>Tel:  650.843.4000<br>Fax:  650.843.4001<br>Email:  jason.gettleman@morganlewis.com<br>Email:  thomas.nolan@morganlewis.com<br><br>HERSH MEHTA<br>(pending admission *pro hac vice*)<br>CANDACE M. POLSTER<br>(pending admission *pro hac vice*)<br>77 West Wacker Drive<br>Chicago, Illinois 60601<br>Tel:  312.324.1739<br>Fax:  312.324.1001<br>Email: hersh.mehta@morganlewis.com<br>Email: candace.polster@morganlewis.com<br><br>ERIC S. NAMROW<br>(pending admission *pro hac vice*)<br>RICCARDO S. MACCHIAROLI<br>(pending admission *pro hac vice*)<br>STEPHANIE L. ROBERTS<br>(pending admission pro hac vice)<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2541<br>Tel:  202.739.3000<br>Fax:  202.739.3001<br>Email:  eric.namrow@morganlewis.com<br>Email:  riccardo.macchiaroli@morganlewis.com<br>Email:  stephanie.roberts@morganlewis.com<br><br>Attorneys for Plaintiff<br>HEWLETT PACKARD ENTERPRISE COMPANY |

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby requests a trial by jury.

Dated: October 22, 2020

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Jason E. Gettleman
 Jason E. Gettleman

JASON E. GETTLEMAN (SBN 269733)
THOMAS Y. NOLAN (SBN 312025)
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.4000
Fax: 650.843.4001
Email: jason.gettleman@morganlewis.com
Email: thomas.nolan@morganlewis.com

HERSH MEHTA
(*pending admission pro hac vice*)
CANDACE M. POLSTER
(*pending admission pro hac vice*)
77 West Wacker Drive
Chicago, Illinois 60601
Tel: 312.324.1739
Fax: 312.324.1001
Email: hersh.mehta@morganlewis.com
Email: candace.polster@morganlewis.com

ERIC S. NAMROW
(*pending admission pro hac vice*)
RICCARDO S. MACCHIAROLI
(*pending admission pro hac vice*)
STEPHANIE L. ROBERTS
(*pending admission pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
Tel: 202.739.3000
Fax: 202.739.3001
Email: eric.namrow@morganlewis.com
Email: riccardo.macchiaroli@morganlewis.com
Email: stephanie.roberts@morganlewis.com

Attorneys for Plaintiff
HEWLETT PACKARD ENTERPRISE COMPANY